UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| AIDAN M. CRIMLY,<br><br>                 Plaintiff,<br>   v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                 Defendant. | CASE NO. 3:25-cv-05420-GJL<br><br>ORDER DENYING MOTION FOR RECONSIDERATION |

On December 4, 2025, the Court determined that the Administrative Law Judge (ALJ) did not err in evaluating Plaintiff's claim for disability benefits. Dkt. 17. The Court entered judgment for Defendant on the same date. Dkt. 18. Plaintiff has filed a Motion for Reconsideration (Dkt. 19) and a nearly-identical Motion to Amend Judgment (Dkt. 20) arguing the Court committed clear error.

A motion for reconsideration "offers an extraordinary remedy, to be used sparingly in the interest of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (internal citations and quotation marks omitted). It can be granted only in limited circumstances, including where a Court commits clear error. *Id.* A clear error is "plain

1  and indisputable" and amounts to "a complete disregard of the controlling law or the credible

2  evidence in the record." *Teamsters Loc. 617 Pension & Welfare Funds v. Apollo Grp., Inc.*, 282

3  F.R.D. 216, 231 (D. Ariz. 2012) (citation omitted).

4     The ALJ's Residual Functional Capacity (RFC) assessment limited Plaintiff, *inter alia*, to

5  work without left-side binocular or peripheral vision and occasional depth perception.

6  Administrative Record (AR) 37. At the hearing, the ALJ asked the Vocational Expert (VE)

7  whether someone with Plaintiff's RFC could perform work in the national economy. AR 274–75.

8  The VE identified three positions meeting that hypothetical. AR 276–77. Before listing them, the

9  VE testified the "three jobs have no depth perception issues, no loud noise or bright light issues."

10  AR 276. After listing them, the VE testified "these jobs meet all the particulars of [the ALJ's]

11  hypothetical providing that the person can maintain basically average production[.]" AR 277.

12     In the instant motion, Plaintiff points to the first of those statements and contends the VE

13  did not testify the left-sided visual limitations were consistent with the identified positions. Dkt.

14  19 at 2–4. The Court addressed this argument in its Order:

> Plaintiff suggests in his Reply Brief that, because the VE also testified "the[] three [identified] jobs have no depth perception issues, no loud noise or bright light issues" (AR 276), the VE did not "respond to the limitations of no peripheral vision on the left" (Dkt. 16 at 2). The Court disagrees. That statement was not intended as an exhaustive list of limitations the RFC was consistent with; after all, the RFC also included around a dozen other limitations beyond depth perception, noise, or bright lights which were consistent with the jobs identified. Confirming this, as discussed, the VE testified all the jobs that were identified met "all the particulars of [the ALJ's] hypothetical" provided the hypothetical individual could maintain average production. AR 277. "Where the evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).

Dkt. 17 at 3–4 n.2. Plaintiff's instant motions give the Court no reason to reconsider this

analysis. *See* Dkt. 19 at 2–4. Unlike in his Reply Brief, Plaintiff frames the argument as showing

ORDER DENYING MOTION FOR RECONSIDERATION - 2

a conflict between the VE's testimony and the Dictionary of Occupational Titles (DOT).[1] *See* Dkt. 19 at 3–5.

Yet Plaintiff identifies nothing in the DOT conflicting with the VE's testimony. *See* Dkt. 19. Absent such a conflict, the VE's testimony that the positions met "the particulars of" the hypothetical was substantial evidence to support the ALJ's step five finding. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1217–18 (9th Cir. 2005); *cf. Biestek v. Berryhill*, 587 U.S. 97, 105 (2019) ("[A] [VE's] testimony may count as substantial evidence even when unaccompanied by supporting data."). The only sources Plaintiff cites in contending further explanation must be sought from the VE—SSR 00-4p, *Lamear v. Berryhill*, 865 F.3d 1201, 1205 (9th Cir. 2017), and *Gutierrez v. Colvin*, 844 F.3d 804, 808 (9th Cir. 2016)—require such an explanation only for a DOT-VE conflict. Thus, Plaintiff has not shown further testimony was required, let alone that the Court completely disregarded controlling law in reaching the same conclusion in its Order.

For the foregoing reasons, Plaintiff's Motion for Reconsideration (Dkt. 19) and Motion to Amend Judgment (Dkt. 20) are **DENIED**.

Dated this 30th day of December, 2025.

Grady J. Leupold
United States Magistrate Judge

---

[1] In his Opening Brief, Plaintiff also argued there was a conflict between this testimony and the Dictionary of Occupational Titles (DOT) description of the three positions because the positions require frequent visual acuity, causing fatigue. Dkt. 13 at 5. But the claim that the VE had not testified the positions were consistent with the left-side visual limitations was not identified as a DOT-VE conflict. *See* Dkt. 16 at 2.

ORDER DENYING MOTION FOR RECONSIDERATION - 3